UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH H. DOXSEE,

    Plaintiff,

v.

SEATTLE MENTAL HEALTH, *et al.*,

    Defendants.

CASE NO. C07-618-TSZ-MJB

REPORT AND RECOMMENDATION

    Plaintiff, a Washington State prisoner, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*. (Dkt. #1). The Court has screened the complaint pursuant to 28 U.S.C. § 1915A, and for the reasons set forth below, recommends that the complaint and this action be dismissed without prejudice.

    Plaintiff's principal allegation is that in 2002,[1] while he was seeing a counselor at Seattle Mental Health, a private agency, in Renton, Washington, a woman whom he had known for one week was permitted to attend his therapy sessions, without plaintiff's consent. (Complaint at 3). Plaintiff further alleges that as a result, the woman used confidential information against him by telling her family and friends personal information about him. (*Id*.) Plaintiff alleges that he voiced his concern to the Office Manager of Seattle Mental Health, who offered plaintiff a settlement of some kind. Plaintiff apparently was not satisfied with the offer as he has filed the instant lawsuit, seeking $25,000,000 in compensatory damages and an equal amount in punitive damages. (*Id*. at 5).

---

[1] In his complaint, plaintiff writes this date as "1902," but the court assumes this to be a typographical error and that plaintiff intended to write "2002."

REPORT & RECOMMENDATION - 1

In order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's attempt to convert this scenario into a federal civil rights action judder § 1983 faces several insurmountable obstacles. First, the action appears to be barred by the three-year statute of limitations that applies to §1983 actions filed in Washington State. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Because the alleged violation occurred in July, 2002, plaintiff would have had to file this lawsuit by July, 2005. Second, because plaintiff does not cite a specific provision of the Constitution or a federal statute that was violated by defendants' conduct, he does not state a cognizable claim under § 1983. Third, the defendants all appear to be employees of Seattle Mental Health. As such, they appear to be private parties who were not acting "under color of state law." Accordingly, they may not be sued under § 1983. The court notes that even if plaintiff's counselor were appointed by a state court, the Ninth Circuit has held that court-appointed psychiatrists are immune from liability under § 1983. *See Burkes v. Callion*, 433 F. 2d 318, 319 (9th Cir. 1970) (per curiam).

For the foregoing reasons, the Court recommends that plaintiff's complaint and this action be dismissed without prejudice, for failure to state a claim upon which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends that this dismissal count as a strike under 28 U.S.C. § 1915(g). A proposed Order reflecting this recommendation is attached.

DATED this 3rd day of May, 2007.

MONICA J. BENTON
United States Magistrate Judge

---

[2] Because it is clear that no amendment can cure the defects discussed in this Report and Recommendation, it is not necessary to grant plaintiff leave to file an amended complaint. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

REPORT & RECOMMENDATION - 2